JUSTICE EID,
dissenting.
¶31 Today, the majority concludes that the Owners may pursue their suit against the Stirling Ranch Property Owners Association (“POA”), because, although relevant documents release the Design Review Board (“DRB”) from liability for design decisions, there is no mention of a release of the POA. I would not permit the Owners to make such an end-run around the release. As the trial court concluded, the Owners’ entire case is premised on the POA’s alleged liability for the acts of the DRB. See Am. Compl. ¶ 3 (“The POA, acting through its Design Review Board (‘DRB’), exercises architectural review and approval authority for all residential construction within Stirling Ranch.”). If the DRB’s actions are immune, there are no negligent acts to impute to the POA. Accordingly,- I would affirm the court of appeals on *985 this ground, and I respectfully dissent from the majority’s opinion.
¶32 The Declaration specifies that neither the DRB nor any of its members will be liable to any owner for “any official act” or for “any loss, liability, claim or expense which may arise by reason of such approval” of design plans, and that the DRB will not be responsible “in any way for any defects in any plans or specifications submitted, revised or approved.” Maj. op. ¶ 10. The Design Guidelines emphasize further that the DRB will not be liable to any owner for “Approving or disapproving any plans, specifications and other materials, whether or not defective.” Id. at ¶ 11. No one disputes that the language of the Declaration and the Design Guidelines expressly shields the acts of the DRB from liability.
¶33 The Owners argue, and the majority agrees, that although the relevant language precludes them from holding the DRB liable for its allegedly negligent acts with regard to the design of their home, it does not preclude them from suing the POA. This conclusion, although perhaps technically correct, does not address the trial court’s ultimate disposition of the case. The trial court concluded that the entirety of the Owners’ lawsuit against the POA is based on an imputation theory—specifically, that the alleged negligent acts of the DRB should be imputed to the POA. Indeed, the entirety of the Owners’ complaint is founded on the allegation in paragraph 3, namely, that the “POA, acting through its Design Review Board (‘DRB’), exercises architectural review and approval authority for all residential construction within Stirling Ranch.” See also Am. Oompl. ¶¶ 42-47 (allegations preceded by “The POA, acting through the DRB ...”). The Owners do not suggest that the POA somehow acted independently or in a fashion distinct from the DRB.[4]
¶34 The trial court thus properly concluded that “Plaintiffs [’] entire case involved alleged actions or inactions of the DRB which caused them damages.” From this, the trial court reasoned, again properly in my view, that if the actions of the DRB are immune, there is simply nothing to impute to the POA “since the basis for all acts of negligence were acts of the DRB.” In other words, the release of the DRB extinguishes the foundation upon which to base any claim against the POA. Cf. Ferrer v. Okbamicael, 2017 CO 14M, ¶ 28, 390 P.3d 836, 844 (where employer has conceded vicarious liability for acts of employee, direct negligence action against the employer falls away, given that “[djirect negligence claims effectively impute the employee’s liability for his negligent conduct to the employer”).
¶35 The majority never addresses the basis of the trial court’s ruling. Instead, it holds that “the POA cannot benefit” from the release language, and that therefore the Owners may proceed with their claims. Maj. op. ¶¶ 2, 30. The majority thus suggests that the Owners may proceed in making an end-run around the release. But this is simply not the case. On remand, the trial court should apply its previous conclusion—undisturbed on appeal—that because the Owners’ complaint is premised entirely on the theory that the negligent acts of the DRB should be imputed to the POA, and because there are no negligent acts to impute, the Owners’ claims are barred, and judgment should be entered in favor of the POA. Accordingly, I respectfully dissent from the majority opinion.
I am authorized to state that JUSTICE MÁRQUEZ joins in this dissent.

. Although the Amended Complaint alleged that the POA had a duty to supervise the DRB, the Owners did not ultimately pursue this theory of liability before the trial court.